IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Samuel Morris, | ) | Case No. 6:23-cv-02443-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| James Shelton and City of Greenville, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of 42 U.S.C. § 1983 and state law claims. ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").   On October 7, 2025, Defendants filed a second motion for summary judgment.[1]  ECF No. 68.  On November 20, 2025, the Magistrate Judge issued a Report recommending that the motion be denied.  ECF No. 73.  Defendants filed objections, and Plaintiff filed a reply.  ECF Nos. 76, 77.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.   The recommendation has no presumptive weight, and the responsibility to make a final

---

[1] This Court previously denied the first motion for summary judgment as to Plaintiff's seizure claim and found as moot the remainder of the motion with leave to refile. ECF No. 63.

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. At issue at this procedural posture are Plaintiff's claims for excessive force, malicious prosecution, false imprisonment, and battery. Because Defendants filed objections, the Court's review has been de novo. Upon such review, the Court agrees with the Magistrate Judge's recommendations.

### *Excessive Force*

As stated above, the Magistrate Judge provided a thorough discussion of the relevant law. Briefly, "[c]ourts evaluate a claim of excessive force based on an 'objective reasonableness' standard." *Yates v. Terry*, 817 F.3d 877, 884 (4th Cir. 2016) (quoting *Graham v. Connor*, 490 U.S. 386, 399 (1989)). "Because the test of reasonableness

2

under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8–9 (1985)).  Handcuffs, "properly applied and maintained for even a lengthy period, are 'not a use of force that offends contemporary standards of decency so as to satisfy the objective component of an excessive force claim.'" *Wilson v. Frame*, No. 2:19-cv-00103, 2020 WL 1482145, at *9 (S.D.W.V. Mar. 23, 2020) (quoting *Holley v. Johnson*, No. 7:08-cv-00629, 2010 WL 2640328, at *14 n.2. (W.D. Va. June 30, 2010)).  In *Parsons v. Miles*, the district court noted that when "'evaluat[ing] an excessive force claim based solely on tight handcuffing'" a court may consider "'whether: 1) the handcuffs were unreasonably tight; 2) the defendants ignored the plaintiff's pleas that the handcuffs were too tight; and 3) the degree of injury to the wrists.'"  No. 4:17-cv-00708-RBH, 2020 WL 58287, at *5 (D.S.C. Jan. 6, 2020) (quoting *E.W. by & through T.W. v. Dolgos*, 884 F.3d 172, 194 (4th Cir. 2018) (Shedd, J., concurring in judgment)). The court emphasized that handcuffing that "**causes physical injury**" is the "**type of circumstance [that] would likely qualify as the rare instance we recognized . . . where handcuffing a lawful custodial arrestee may be unreasonable**." *Id*.

Defendants object to the Magistrate Judge's analysis.  They assert that Plaintiff has not presented any objective evidence as to the first two *Graham* factors.  They

3

contend that there were no contemporaneous injuries to Plaintiff's wrists and there is no testimony to a reasonable degree of medical certainty that Plaintiff's alleged injuries were caused by or connected to the handcuffing. They further argue that Plaintiff did not complain to Defendant Shelton that the handcuffs were too tight; thus, he could not loosen them if he did not know that there was a problem. Defendants assert that the force used by Defendant Shelton was objectively reasonable under the circumstances.

The Court finds that the *Graham* factors weigh in favor of Plaintiff. As to the severity of the crime committed, there exists a genuine issue of material fact with respect to whether there was probable cause to arrest Plaintiff at all. Thus, this factor weighs in Plaintiff's favor. As to whether Plaintiff posed an immediate threat to the safety of officers or others, there exists a genuine issue of material fact in light of the fact that Defendant Shelton had told Plaintiff that he was free to go before arresting him. With respect to whether Plaintiff actively resisted the arrest, the Magistrate Judge points out that he did resist Defendant Shelton's instructions to sit in the back of the car; though he stated at the time that this was due to arthritis in his knees.

Turning to the handcuffing itself, there are genuine issues of material fact with respect to whether the handcuffs were applied to tightly. Defendants appear to assert that Plaintiff was required to complain directly to Defendant Shelton; though they do not cite any authority for this position. Plaintiff testified that he told another officer that his hands were tingling and he produced medical records in which his provider stated that the cause of "his allodynia and parathesias are likely from the injury." ECF Nos. 71-3 at 5; 71-4 at 16.

4

Thus, in light of the evidence of physical injury and the fact that the arrest may have been unlawful, the Court finds that there are genuine issues of material fact with respect to whether Defendant Shelton used excessive force in handcuffing Plaintiff.[2]

***Qualified Immunity***

Again briefly, qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether qualified immunity applies, a district court must decide (1) whether any right was violated, and (2) whether that right was "clearly established" at the time of the alleged violation. *Somers v. Devine*, 132 F.4th 689, 696 (4th Cir. 2025).

In their objections, Defendants assert that Plaintiff has not shown that any constitutional right was clearly established at the time of the incident. They argue that "[i]n the current situation, there is no clear and established law that would have put Sergeant Shelton or any other reasonable officer on notice that the routine application of handcuffs to the plaintiff after a call regarding a domestic disturbance in which the plaintiff had been heavily drinking and threatened to hit his wife in a public area was a violation

---

[2] Plaintiff did not file objections; however, the Court takes this opportunity to caution him regarding an argument he made in response to the motion for summary judgment and in response to the objections. Plaintiff asserts that "[i]f there was no probable cause, then any force used to effectuate the arrest was excessive as a matter of law because the arrest itself was unlawful." ECF No. 77 at 2. Nothing in this order should be interpreted as agreeing with this proposition. Plaintiff cites to no supporting caselaw in his response to the objections, and the Magistrate Judge clearly disagreed with this assertion. *See* ECF No. 73 at 8.

of the plaintiff's constitutional right(s)." ECF No. 76 at 4. The Court rejects Defendants extremely narrow statement of the specific context of the case in favor of the Magistrate Judge's more appropriate statement: "Was it clearly established on May 1, 2021, that a police officer violates a person's rights when the officer injures them while handcuffing them without probable cause, if the person does not tell the officer that the handcuffs hurt?" ECF No. 73 at 12. There are genuine issues of material fact as to whether the handcuffs were too tight and injured Plaintiff and whether there was probable cause for the arrest. In light of these factual disputes and the relevant caselaw as addressed by the Magistrate Judge, it cannot be concluded that Defendant Shelton is entitled to qualified immunity.

### State Law Claims

#### Malicious Prosecution

Plaintiff brings a state law claim for malicious prosecution. The Magistrate Judge recommends denying Defendants' motion for summary judgment as to this claim. Plaintiff objects and argues that there is no evidence that Defendant Shelton acted with actual malice; in the event that there is evidence of actual malice, Defendants assert that Defendant Shelton is entitled to immunity pursuant to the South Carolina Tort Claims Act ("SCTCA") and *Brown v. Leonard*, No. 2008-UP-039, 2008 WL 9832870, at *2 (S.C. Ct. App. Jan. 11, 2008).

The SCTCA provides the "exclusive remedy for any tort committed by an employee of a governmental entity." S.C. Code Ann. § 15-78-70(a). "An employee of a governmental entity who commits a tort while acting within the scope of his official duty is

6

not liable and the plaintiff must sue the governmental agency itself." *Newkirk v. Enzor*, 240 F. Supp. 3d 426, 436 (D.S.C. 2017) (citing *Roberts v. City of Forest Acres*, 902 F. Supp. 662, 671 (D.S.C. 1995)).  "However, if the plaintiff proves that 'the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude,' then the governmental agency is not liable, and the employee is personally liable." *Id.* (quoting S.C. Code § 15-78-70(b)).

The elements of malicious prosecution are (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage. *Law v. S.C. Dep't of Corr.*, 629 S.E.2d 642, 648 (S.C. 2006).  "[M]alice may be inferred from a lack of probable cause to institute the prosecution."  *Id.* at 649 (citing *Margolis v. Telech*, 122 S.E.2d 417, 420 (S.C. 1961)).

As noted by the Magistrate Judge, there remains a genuine issue of material fact with respect to whether there was probable cause to arrest and charge Plaintiff with being a public nuisance.  Malice can be inferred from a lack of probable cause. *McBride v. Sch. Dist. of Greenville Cnty.*, 698 S.E.2d 845, 855 (S.C. Ct. App. 2010).  Further, as noted in *McBride*, the SCTCA does not bar malicious prosecution claims because "[o]ne need not show actual malice in order to successfully maintain an action for malicious prosecution."

7

*McBride*, 698 S.E.2d at 855.[3]  As Defendants do not dispute any other elements and because Plaintiff has produced sufficient evidence of the remaining elements, the motion for summary judgment is denied as to this claim.

### *False Imprisonment*

With respect to Plaintiff's claim for false arrest, the Magistrate Judge recommends denying the motion for summary judgment.  Defendants object and argue that neither the first nor the second detainments of Plaintiff were unlawful.

To establish a claim for false imprisonment, "the evidence must demonstrate (1) the defendant restrained the plaintiff, (2) the restraint was intentional, and (3) the restraint was unlawful."  *Caldwell v. K-Mart Corp.*, 410 S.E.2d 21, 23 (S.C. Ct. App. 1991) (citing *Andrews v. Piedmont Air Lines*, 377 S.E.2d 127 (S.C. Ct. App.1989)).  "The fundamental issue in determining the lawfulness of an arrest is whether there was probable cause to make the arrest."  *McBride*, 698 S.E.2d at 856.  As there remains a genuine issue of material fact with respect to probable cause, the Court agrees with the Magistrate Judge that the motion for summary judgment should be denied as to this claim.

### *Battery*

Lastly, the Magistrate Judge recommends that the motion for summary judgment be denied as to Plaintiff's battery claim.  Defendants object and argue that Defendant Shelton used reasonable force in handcuffing Plaintiff under the circumstances.

---

[3] As to any remaining disagreement between the parties, the Court agrees with the Magistrate Judge that Plaintiff's published and more recent case, *McBride*, controls over Defendants older, unpublished case, *Brown.*

South Carolina courts have defined battery as "the actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of its degree; it is unnecessary that the contact be by a blow, as any forcible contact is sufficient." *Mellen v. Lane*, 659 S.E.2d 236, 244 (S.C. Ct. App. 2008). As explained in the excessive force section above and in more detail by the Magistrate Judge, whether the alleged "violence" used against Plaintiff was unlawful and unauthorized remains a question of fact; accordingly, summary judgment is denied. *See Morning v. Dillon Cnty.*, No. 4:15-cv-03349-RBH, 2017 WL 4276906, at *6 (D.S.C. Sept. 27, 2017).

## CONCLUSION

Accordingly, the Court agrees with the recommendation of the Magistrate Judge. Defendants' motion for summary judgment [68] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 3, 2026
Spartanburg, South Carolina

9